IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| KEVIN E. HERRIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-cv-00941-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| C. BURTON, *Warden*; T. ROBERTSON, | ) | |
| *Associate Warden*; and L. GRAY, | ) | |
| *Mailroom Personnel*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on remand from the Fourth Circuit, ECF No. 37, to rule on Magistrate Judge McDonald's report and recommendation (the "R&R") that this matter be dismissed with prejudice for failure to comply with a court order, ECF No. 14. For the reasons set forth below, the court dismisses the action without prejudice for failure to state a claim.

## I.  BACKGROUND

Kevin E. Herriott ("Herriott"), a state prisoner proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Specifically, Herriott alleges violations of his First, Eighth, and Fourteenth Amendment rights. ECF No. 1, Compl at 5. Herriott alleges wide-ranging factual allegations to support those claims. First, Herriott claims that on October 16, 2020, defendant mailroom staff personnel L. Gray ("Gray") began confiscating and destroying the contents of Herriott's legal and personal correspondence. Id. at 7. Herriott alleges, presumably in the alternative, that if the correspondence was not destroyed, it was then confiscated and forwarded to the Correspondence Review

1

Committee (the "CRC") "under the guise of too many pages violation" and upon the mail's return, Gray seized the correspondence and destroyed its contents without notice. Id. This prevented Herriott from being able to pursue non-frivolous legal claims. Id. at 7–8. Second, Herriott alleges, on behalf of himself and all other inmates in state-wide protective custody ("SWPC inmates"), that they were deprived of "out-of-cell and outside exercise, recreation, daily sun-light exposure, [and] fresh-air" by defendants Warden C. Burton ("Burton") and Associate Warden T. Robertson ("Robertson") since approximately August 28, 2020. Id. at 8. Third, Herriott alleges that Burton also deprived SWPC inmates of sufficient telephone use—only allowing them to make one collect phone call per day or two calls per week for free—when the Cares Act in response to COVID-19 gave Burton reasonable discretion to increase telephone usage. Id. at 9. In comparison, the general population inmates at McCormick Corrections in dormitories F1, F2, F2, and F4 were permitted outdoor recreation and "back to back calling." Id. at 9–10. Herriott also alleges that he sustained injuries—"chest pains, knee pain, ankle pain, legs [sic] soreness, back pain, hip pain, depression, anxieties, mental anguish, stress, and shortness of breath"—presumably related to the events alleged. Id. at 12.

Herriott filed his complaint on March 31, 2021. Compl. Herriott's complaint was referred to Magistrate Judge Kevin F. McDonald for review in accordance with 28 U.S.C. § 1915A and pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.). On April 28, 2021, the magistrate judge issued an order warning Herriott that the complaint was subject to summary dismissal and advising Herriott that he could attempt to address certain pleading deficiencies by filing an amended complaint within fourteen days. Herriott did not file an amended complaint by the deadline, prompting the magistrate judge to issue

an R&R recommending that the action be dismissed under Fed. R. Civ. P. 41(b) with the finding that the legal merits of Herriott's complaint warranted summary dismissal. ECF No. 14. Herriott filed objections to the R&R on June 4, 2021. ECF No. 16. Based on the recommendation of the magistrate judge, the court dismissed the complaint under Fed. R. Civ. P. 41(b) for failure to follow a court order. ECF No. 23 (adopting ECF No. 14). Herriott appealed, and on October 25, 2022, the United States Court of Appeals for the Fourth Circuit vacated and remanded the court's decision. ECF No. 37. The Fourth Circuit found that since the District Court did not resolve the factual question of whether Herriott received timely notice of the magistrate judge's April 28th order, the Fourth Circuit was unable to determine whether the court properly exercised its discretion in dismissing the action under Rule 41(b). Id. at 2. Further, the Fourth Circuit found that though the district court expressed its agreement with the magistrate judge's legal analysis on the merits, the court did not expressly base the dismissal on those grounds. Id. at 2–3. The Fourth Circuit vacated and remanded the order to the district court for further proceedings consistent with the Fourth Circuit's decision. ECF No. 38.

Following the Fourth Circuit's remand order, the court now resolves the factual question of whether Herriott received timely notice, reviews whether the complaint should be dismissed under Rule 41(b), and evaluates the merits of Herriott's claims.

## II.  STANDARD

Herriott filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Wilcox v. Brown, 877 F.3d 161, 166 (4th Cir. 2017) (explaining that standards for dismissal under § 1915A for failure to state a claim are the same as for Fed. R. Civ. P. 12(b)(6)). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Pro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." Alley v. Yadkin Cnty. Sheriff Dep't, 698 F. App'x 141, 142 (4th Cir. 2017) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Liberal construction is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues. Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017) (quotation marks and citations omitted). The "complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (internal quotation marks and citations omitted).

"'[C]laims of legal substance should not be forfeited because of a failure to state them with technical precision,' and where a claim is potentially cognizable, the plaintiff should be afforded an opportunity to amend his complaint or particularize his allegations." Alley, 698 F. App'x at 142 (quoting Coleman v. Peyton, 340 F.2d 603, 604

(4th Cir. 1965)).  Although a district court "is not required to act as an advocate for a pro se litigant," where the litigant "has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court."  Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978).  Accordingly, even when a plaintiff fails to allege sufficient facts against a particular defendant to survive a Rule 12(b)(6) motion, where "the district court neither gave [the plaintiff] the opportunity to amend nor did it engage in any discussion as to why amendment would be futile," the dismissal "should generally be without prejudice."  King v. Rubenstein, 825 F.3d 206, 225 (4th Cir. 2016).

## III.   DISCUSSION

As discussed above, the court is tasked on remand with first determining the factual issue of whether Herriott received the magistrate judge's April 28th order instructing him the complaint was subject to summary dismissal should it not be amended.  If Herriott received the mail and failed to amend his complaint, dismissal pursuant to Fed. R. Civ. P. 41(b) was appropriate.  On remand, the court finds that either answer to the factual question of whether Herriott timely received notice of the April 28th order results in the same result.  Thus, the court construes the facts in Herriott's utmost favor and accepts as true Herriott's allegations that he did not receive notice of the April 28th order to amend his complaint.  Upon doing so, the court then evaluates the merits of Herriott's claims and finds them to be without merit.  The court does not consider new

arguments raised by Herriott in his objections to the R&R.[1]  See ContraVest Inc. v. Mt. Hawley Ins. Co., 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("[T]he court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report.") (internal citation omitted and alteration in original).  The court therefore dismisses the complaint—expressly resting its dismissal on the failure to state a cognizable claim for relief.  The court explains below.

### A.  Dismissal under Fed. R. Civ. P. 41(b)

The court has been tasked with resolving whether Herriott received his mail and thus had notice of his limited window to amend his defective complaint.  At issue is the April 28th order, ECF No. 6, which informed Herriott of his need to amend his complaint.  If he received notice, then dismissal for failure to comply with a court order was proper.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  However, if Herriott did not receive notice, then he had no way of knowing he was required to timely comply with the court order, and dismissal under Rule 41(b) would be improper.  ECF No. 37 at 2 (citing Ballard v. Carlson, 882 F.2d 93, 95–96 (4th

---

[1] Herriott objected to the assignment of Magistrate Judge McDonald to his case, which the court considers to the extent permissible under the law.  Herriott objected to Magistrate Judge McDonald because he "has entered a(n) erroneous ruling with partiality" because the R&R "is formed without just grounds."  ECF No. 16 at 2.  However, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Herriott points to no extrajudicial source of bias or prejudice.  Mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal.  Accordingly, the court finds Herriott's new arguments regarding judicial partiality to be without merit.

Cir. 1989) (providing standard of review); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (listing factors relevant to Rule 41(b) dismissal)).

The court notes that the April 28th order, ECF No. 6, was mailed that same day per ECF No. 10.  The operative window of time for which the court should determine whether Herriott received mail is from April 28, 2021 until May 15, 2021, which was the deadline set by the magistrate judge for when the amended complaint and proposed service documents were due.  The deadline included a three-day extension since service was by mail per Fed. R. Civ. P. 6.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a prisoner's pleading was considered filed upon delivery to prison authorities for forwarding to the district court).  Given that Herriott wrote and mailed his motion for issuance of show cause order on April 30, 2021, ECF No. 11, the court is willing to infer that he had not received notice of the April 28th Order before that date.  No other mail was sent to Herriott until May 21, 2021 when the court mailed the R&R, ECF No. 14, as well as the text order finding as moot Herriott's motion for order to show cause, ECF No. 13, which were mailed together pursuant to ECF No. 15 (notice of mail).  Herriott objected to the R&R on June 4, 2021, ECF No. 16.  In his objections to the R&R, Herriott alleges that neither the magistrate judge nor the clerk of the court notified the plaintiff about the April 28th order.  Id. at 2.  He allegedly first heard that the court issued him a case number and dismissed his complaint with prejudice on May 27, 2021.  Id.

The court accepts Herriott's proclaimed lack of notice as true and evaluates whether dismissal is proper under Rule 41(b).  Fed. R. Civ. P. 41(b).  The court considers four factors when deciding whether Rule 41(b) dismissal is appropriate as a sanction:

> (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of

7

>deliberately proceeding in a dilatory fashion', and (4) the existence of sanctions less drastic than dismissal.

Herbert, 877 F.2d at 270.  Herriott is imprisoned and he alleges that Gray has been confiscating and destroying his mail, both personal and legal correspondence, possibly including the April 28th order informing him of the need to timely amend his complaint. Thus, the court finds no deliberate delay in failure to amend the complaint in a timely manner.  Evaluating the four factors, the court finds that they weigh against dismissal under Rule 41(b).

The court thus proceeds to evaluate the merits of Herriott's claims, which guides the court to dismiss the claims without prejudice.

### B.  Merits of the Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, in several areas of his complaint, Herriott appears to attempt to assert claims on behalf of all inmates at McCormick on SWPC.  See generally Compl. However, a prisoner cannot file or maintain a lawsuit on behalf of others.  See Hummer v. Dalton, 657 F.2d 621, 625–26 (4th Cir. 1981) (explaining that a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").  As such, Herriott may not bring claims

on behalf of other McCormick inmates on SWPC in this action and the allegations here will be analyzed only as to Herriott.

### 1. First Amendment Mail Claims

Preliminarily, Herriott argues that the magistrate judge misconstrued his claims. ECF No. 16 at 4–5. Specifically, Herriott argues that the relevant action here is that Gray hindered Herriott from pursuing a "non-frivolous actionable legal claim when [Gray] unreasonable [sic] seized the correspondence and destroyed its contents." Id. at 4. By construing Herriott's claims as "interference with mail" or "denial of access to the courts," the magistrate judge purportedly "address[ed] claims not raised in the [complaint]." Id. at 4–5. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson, 551 U.S. at 94. Given the set of facts alleged in Herriott's complaint, alongside the allegations in Herriott's response in opposition, the court finds that the magistrate judge properly identified the most viable legal claims from those facts—interference with mail that impacts a legal case and/or denial of access to the courts.[2] The court evaluates whether Herriott's claims plausibly state a cause of action for either claim.

Inmates enjoy a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407–08 (1989). As such, interference with an inmate's mail may

---

[2] In his objection to the R&R, Herriott alleges that he "did not state nor alleged [sic] that the destruction of mail denied him access to the courts. [Herriott] has asserted with clarity that the destruction of his mailing correspondence prevented him to prove a(n) [sic] non-frivolous actionable legal claim under § 17-25-65." ECF No. 16 at 5. The only claim available based on the allegations of intercepted and destroyed mail are those identified by Magistrate Judge McDonald: interference with mail that impacts a legal case and/or denies access to the courts. Consequently, the court will examine the merits of Herriott's facts under those two umbrellas.

state a cognizable claim under § 1983. Id. But, the Supreme Court has recognized that prisoners only retain First Amendment rights "not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." Hudson v. Palmer, 468 U.S. 517, 523 (1984) (internal citation omitted and alteration in original). Regulations affecting delivery of mail to prisoners must take into consideration the maintenance of prison order and security and are, therefore, measured under the reasonableness test of Turner v. Safley, 482 U.S. 78 (1987). Thornburgh, 490 U.S. at 404.

The Fourth Circuit has held that the opening and inspection of an inmate's mail is reasonably related to legitimate penological interests and is therefore constitutional. Altizer v. Deeds, 191 F.3d 540, 547–48 (4th Cir. 1999); see also Matherly v. Andrews, 859 F.3d 264, 281 (4th Cir. 2017). However, in a footnote, the court in Altizer also noted that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case." Altizer, 191 F.3d at 549 n.14 (citing Wolff v. McDonnell, 418 U.S. 539, 575 (1974)). Thus, to establish that Gray violated his rights, Herriott must demonstrate that there was some actual harm or prejudice to his ability to communicate with the court or his counsel. Lewis v. Casey, 518 U.S. 343, 349–55 (1996); see also Lloyd v. Vincent, 2004 WL 3249250, *4 (D.S.C. Sept. 10, 2004), aff'd, 121 F. App'x 531 (4th Cir. 2005) (citing White v. White, 886 F.2d 721, 724 (4th Cir. 1989)) ("To state a claim based on delay or nondelivery of legal mail, a prisoner must allege adverse consequences as a basis for the allegation that the delay or nondelivery deprived him of meaningful access to the courts."). An occasional, negligent delay or interference with personal or legal mail, without more, does not impose a

deprivation of constitutional proportions. See Pink v. Lester, 52 F.3d 73, 75–77 (4th Cir. 1995); Pearson v. Simms, 345 F. Supp. 2d 515, 519–20 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004). Opening marked legal mail by itself does not rise to a constitutional violation, instead the plaintiff must allege or show how the opening of the mail on a specific occasion "denied him free access to the courts or interfered with his ability to prosecute a case he had filed." Lloyd, 2004 WL 3249250, at *5.

To state a constitutional claim for denial of access to the courts, a prisoner must show actual injury. Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) ("The district court also properly dismissed Cochran's claim that prison officials infringed his right of access to the courts. In making such a claim, a prisoner cannot rely on conclusory allegations. Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations." (citation omitted)). The actual-injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. Lewis, 518 U.S. at 352–53. In other words, to bring this claim, Herriott must provide details. See Matherly, 859 F.3d at 282 (holding that to find the BOP is censoring his mail, the prisoner-defendant should provide an example of a piece of mail that has been censored or withheld). Examples of details include a filing deadline a prisoner has missed in a pending case, to show that a specific case has been compromised, or providing details about the exact mail allegedly

delayed or confiscated. Owens v. Freeman, 2011 WL 4054763, at *2 (D.S.C. July 13, 2011).

To consider Herriott's mail claims, the court first considers those claims initially included in his complaint and then considers the missed deadline to amend his complaint in the instant action.

First, it is unclear exactly what mail was destroyed or which prior court case was impacted given the allegations in the complaint. If anything, Herriott's copious filings in the courts belie the assertion that he does not receive his legal mail.[3] Herriott alleges only one specific incident of mail confiscation and destruction. He alleges that on October 16, 2020, Gray "confiscated [Herriott's] legal correspondence and destroyed its contents" even though they were "sent to and properly addressed to [Herriott] by his Power of Attorney," for the reason of "questionable material violations." Compl. at 7. Herriott also alleges that Gray confiscated Herriott's legal and personal letters and forwarded them to the CRC on November 30, 2020 because of "too many pages violation" and the correspondence was then returned to Gray who seized and destroyed

---

[3] If anything, Herriott's frequent filings to the courts support the argument that he receives quite a bit a mail. See Herriott v. Jackson, No. 6:20-cv-03365-DCN (D.S.C.), appeal of dismissal pending, No. 21-6085 (4th Cir.); Herriott v. State of S.C., No. 6:20-cv-03336-DCN-KFM (D.S.C.), appeal of dismissal pending, No. 21-6089 (4th Cir.); Herriott v. Bostick, et al., No. 6:20-cv-02833-DCN-KFM (D.S.C.), appeal pending, No. 21-6006 (4th Cir.); In re Herriott, No. 19-335 (4th Cir. 2019); Herriott v. Stirling, et al., No. 6:19-cv-00804-DCN-KFM (D.S.C.), aff'd as modified, 813 F. App'x 912 (4th Cir. 2020); Herriott v. McCabe, No. 6:19-cv-00803-DCN-KFM (D.S.C.), appeal pending, No. 19-6878 (4th Cir.); Herriott v. Ford, et al., No. 6:19-cv-00751-DCN (D.S.C.), aff'd, 829 F. App'x 660 (mem.) (4th Cir. 2020); Herriott v. Stephen, et al., No. 6:19-cv-00750-DCN-KFM (D.S.C.), appeal pending, No. 20-7176 (4th Cir.); Herriott v. Joyner et al., No. 6:19-cv-00626-DCN-KFM (D.S.C.), aff'd 830 F. App'x 123 (4th Cir. 2020) (mem.).

the correspondence without notice.[4]  Id. at 7–8.  Though Herriott alleges that Gray "has hindered [Herriott] to prove a(n) non-frivolous actionable legal claim," that legal claim is not identified in the complaint.  Id.  In his response in opposition to the R&R, Herriott alleges that the legal documents that were confiscated consisted of "content describe [sic] [Herriott] saving a(n) Correctional Officer along with details of the riot of 2018."  ECF No. 16 at 3.  Herriott further alleges that he "was using the contents to seek a time reduction under state law statute § 17-25-65," and that "[t]his claim has nothing to do with the previous filed actions that's before other jurisdictions."  Id.

Herriott has not shown that the confiscated materials were related to a legal claim, nor has he shown actual injury.  Preliminarily, under South Carolina law, Section 17-25-65 provides for a reduction of a sentence for substantial assistance to the State, upon the State's motion made more than one year after sentencing if the defendant provided aid to a Department of Corrections employee or volunteer who was in danger of being seriously injured or killed.  S.C. Code Ann. § 17-25-65(A)(2).  Herriott has not claimed that the State has made a motion to reduce his sentence pursuant to that statute, merely that "[Herriott] saved a correctional officer [sic] life during the 2018 Lee Prison Deadly Riot and was getting information from a public source through his Power of Attorney."  ECF No. 16 at 5.  Those facts, stated alone, are not a cognizable legal claim supporting an action for denial of access to the courts—particularly since he explicitly alleges the

---

[4] This allegation is somewhat at odds with Herriott's first allegation, and is presumably pled in the alternative.

materials had nothing to do with other filed actions before other jurisdictions. See ECF No. 16 at 3.

Moreover, Herriott cannot show actual injury. Herriott alleges that Gray's actions "intentional [sic] emotionally inflicted [upon Herriott] [] stress, depression, and subjected [Herriott] to mental anguish." Compl. at 8. However, "[a]pplicable law requires there to be an allegation of an actual injury such as interference with communications with counsel or a court or loss of an ability to litigate to state a plausible constitutional claim arising from mail tampering." Masika v. Foster, 2017 WL 4277155, at *2 (D.S.C. Aug. 31, 2017), report and recommendation adopted, 2017 WL 4222883 (D.S.C. Sept. 22, 2017) (listing cases). Though Herriott asserts claims of emotional distress and stress, those do not constitute actual injuries as required to state a First Amendment claims under § 1983. Herriott has failed to show that Gray confiscated materials related to a legal claim or that Herriott suffered actual injury as a result; thus, his First Amendment claims as set forth in the complaint are dismissed.

Second, the court's determination that it is plausible Herriott did not receive the April 28th order does not by itself give rise to a constitutional claim under this standard, since the court finds he is pursuing frivolous legal claims in this action. See Smith v. Logan, 2022 WL 14763226, at *3 (D.S.C. Sept. 30, 2022) (noting that the plaintiff's complaint contained no allegations to support that he had a non-frivolous claim that was dismissed because he failed to meet a deadline due to the delayed or destroyed mail). In evaluating the merits of Herriott's claims, the court finds that he does not plead non-frivolous claims in this action, and thus, even if Gray confiscated and destroyed the mailed April 28th order, that occurrence would not meet the requirements for a

constitutional claim regarding confiscation and destruction of legal mail since the claims alleged in the underlying action are frivolous.

Thus, the court dismisses Herriott's First Amendment claims relating to confiscation and destruction of mail without prejudice.

### 2. Conditions of Confinement Claims

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on an Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his confinement, a prisoner must prove (1) that he was deprived of a basic human need and (2) that prison officials were deliberately indifferent to that deprivation. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The first prong of the Strickler analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "When an inmate challenges the conditions of his confinement under the Eighth Amendment, the requisite 'state of mind is one of deliberate indifference to inmate health or safety.'" Odom v. S.C. Dep't of Corrs., 349 F.3d 765, 770 (4th Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted)).

#### a. Deprivation of a Basic Human Need

Herriott alleges that Burton and Robertson have denied him access to out-of-cell recreation and limited his telephone access while on SWPC. ECF No. 1 at 8–10. The court first examines whether these deprivations rise to the level of a "deprivation of a

basic human need" such that they meet the first prong of the Strickler analysis. See 989 F.2d at 1379.

First, the plaintiff's claim regarding telephone use is subject to dismissal because the First Amendment does not establish a per se right to telephone use by a prisoner. See United States v. Alkire, 82 F.3d 411 (4th Cir. 1996) (finding "there is no constitutional or federal statutory right to use of a telephone while in prison"); see also Thomas v. Drew, 365 F. App'x 485, 488 (4th Cir. 2010) (per curiam) (finding no constitutional violation when inmate challenged "'de facto' ban" on telephone privileges). Finding no basis for an Eighth Amendment conditions of confinement claim based upon restricted telephone usage, the court dismisses that claim as frivolous.

Second, Herriott alleges he and all other similarly situated SWPC inmates were deprived of out-of-cell recreation from August 2020 onwards—presumably until Herriott filed his complaint in March 2021. Compl. at 8. "Prison conditions which 'deprive inmates of the minimal civilized measure of life's necessities' may amount to cruel and unusual punishment. Williams v. Jackson, 2009 WL 363450, at *11 (D.S.C. Feb. 10, 2009), aff'd, 349 F. App'x 867 (4th Cir. 2009) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Absent exceptional circumstances, "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment." Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992). However, the Fourth Circuit has explained that it has "never held that denial of out-of-cell exercise opportunities is per se unconstitutional cruel and unusual punishment." Id. Such claims require a "totality of conditions" analysis. Id. "In considering the totality of the circumstances surrounding the denial of exercise, we look at the overall duration of

incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities." Lyles v. Stirling, 844 F. App'x 651, 653 (4th Cir. 2021) (internal quotation marks omitted). To establish an Eighth Amendment claim, not only must an inmate have suffered a serious deprivation, but he must also show "a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (internal quotation marks omitted).

      Preliminarily, Herriott has not stated with particularity the extent to which he was deprived exercise—was it entire deprivation or did he merely receive less outdoor exercise than the general population inmates received? It is unclear. But even if the court construes Herriott's claim as asserting that he did not receive any outdoor exercise whatsoever for eight months, he has not adequately alleged that he has a serious or significant physical or emotional injury resulting from the challenged conditions. See id. Herriott alleges that he sustained injuries—"chest pains, knee pain, ankle pain, legs [sic] soreness, back pain, hip pain, depression, anxieties, mental anguish, stress, and shortness of breath"—presumably related to the events alleged, though the causation is unclear. Compl. at 12. As it stands, Herriott's mere allegations regarding the denial of recreation time are insufficient to state a cause of action. Williams, 2009 WL 363450, at *11.

      The court finds that Herriott has failed to adequately allege deprivations related to telephone use or outdoor activity that can meet the burden imposed by Strickler. See 989 F.2d at 1379. The Fourth Circuit has held that the court must determine "whether the deprivation of the basic human need was objectively 'sufficiently serious.'" Strickler,

17

989 F.2d at 1379 (quoting Seiter, 501 U.S. at 298). The court holds that Herriott's conditions of confinement claims do not meet that objective standard, and the court dismisses those claims as frivolous. Though the court could stop here, a consideration of the named defendants' culpable state of mind also guides the court to a dismissal of these two claims.

### b. Culpable State of Mind

The court examines whether Herriott has alleged any facts that support a finding that the named prison officials acted with a subjectively culpable state of mind such that they meet the second prong of the Strickler analysis. See 989 F.2d at 1379. The court finds that Herriott has not alleged any facts whatsoever that support the allegation that Burton and Robertson took any action, much less that they had subjectively culpable minds in taking that action.

"[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly v. Bell Atl. Corp., 550 U.S. 544, 556–57 (2007)). Section 1983 provides for liability on "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Wilcox, 877 F.3d at 170 (quoting 42 U.S.C. § 1983) (emphasis added). "Although § 1983 must be read against the background of tort liability that makes a man responsible for the natural consequences of his actions, liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.

1977) (cleaned up). "The doctrine of respondeat superior has no application under this section." Id.

It is unclear from the plaintiff's complaint how Burton and Robertson were personally involved in the purported phone and recreation deprivations. See Wilcox, 877 F.3d at 170. The plausibility "standard 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Griffith v. State Farm Fire and Cas. Co., 2012 WL 2048200, at *1 (D.S.C. June 6, 2012), aff'd, No. 12-1806 (Feb. 11, 2013) (quoting Iqbal, 556 U.S. at 678). As such, even liberally construed, the plaintiff's conditions of confinement allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Herriott alleges that Burton and Robertson deprived him of extensive access to the telephones as well as outdoor recreation access, but no specific actions are identified. See Compl. at 8–10. Without more, Herriott has failed to state a plausible claim for relief against Burton and Robertson. See Vinnedge, 550 F.2d at 928 ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail.").

Thus, the court finds that Herriott's conditions of confinement claims are subject to summary dismissal.

### IV.  CONCLUSION

For the foregoing reasons the court **DISMISSES** the complaint without prejudice.

**AND IT IS SO ORDERED.**

  

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 31, 2023**

**Charleston, South Carolina**